Charles T. Marshall, Esquire (SBN 176091)
Law Offices of Charles T. Marshall
415 Laurel Street, # 405
San Diego, California 92101
Tel:     619-807-2628
Fax:     866-575-7413
Email: cmarshall@marshallestatelaw.com

Attorneys for Plaintiffs
DEBORAH L. BURKE and
SEAN K. BURKE

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH L. BURKE and SEAN K. BURKE <br><br><br> Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A.; WELLS FARGO BANK, N.A. AS TRUSTEE FOR JPMORGAN MORTGAGE TRUST 2008-R2 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2008-R2 <br><br> Defendant(s) | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No.: C13-4249 JCS

**JUDGE:     Samuel Conti**

**PLAINTIFFS' OPPOSITION TO NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

**Filed concurrently with Opposition to Request for Judicial Notice in Support of Motion to Dismiss Complaint**

**DATE:**     December 13, 2013
**TIME:**     10:00 a.m.
**CTRM:**     1- 17th Floor

Complaint filed: September 13, 2013

i

# TABLE OF CONTENTS

I.     OVERVIEW ....................................................................................................1

II.    FACTUAL BACKGROUND ...........................................................................1

III.   STANDARD OF REVIEW ..............................................................................4

IV.    ARGUMENT ....................................................................................................5

    A.     The Failed Attempt to Securitize Plaintiffs' Mortgage Loan Broke the Chain of Title Defendants Relied Upon to Foreclose .....................................................5

    B.     Plaintiffs' Wrongful Foreclosure Claim is Predicated on Defendants' Fraudulent and Void Foreclosure Activity ............................................................9

    C.     Plaintiffs' Quiet Title Cause of Action is Pled with Requisite Specificity...........11

    D.     Defendants' Publication of False Documents is Not Privileged .........................12

    E.     Plaintiffs' Fraud Count is Pled With the Requisite Specificity ...........................12

    F.     Defendants' Objections to Plaintiffs' Cancellation of Instruments Cause of Action are Meritless.........................................................................................13

    G.     Plaintiffs have the Right to Enforce the Requirements of Cal. Civil Code section 2923.5 ...............................................................................................14

    H.     Plaintiffs have Established Standing to Pursue Their UCL Claim ......................16

    I.     Plaintiffs Assert a Viable Claim for Unjust Enrichment ....................................18

    J.     Plaintiffs' Allegations Satisfy Preliminary Injunction Standards........................18

V.     CONCLUSION ..............................................................................................19

ii

*Burke v. JPMorgan Chase Bank, N.A., et al. Case No. C13-4249 JCS; Plaintiffs' Opposition to Defendants' Motion to Dismiss*

1

# TABLE OF AUTHORITIES

2

## Cases

3

*Almutarreb v. Bank of New York Trust Company, N.A.*
No. C12-30661 EMC, 2012 WL 4371410 (N.D. Cal. Sept. 24, 2012) ........................... 17, 18, 19

*Barrionuevo v. Chase Bank, N.A.*
No. C-12-0572 EMC (Aug. 6, 2012) ...................................................................... 8, 12, 18, 20

*Bascos v. Federal Home Loan Mortg. Corp.*
2011 WL 3157063 at *6 (C.D. Cal. July 22, 2011), ............................................................... 10

*Bell Atlantic Corp. v. Twombly*
55 US 544 (2007) ...................................................................................................................... 5

*Benham v. Aurora Loan Services*
2009 U.S. Dist. LEXIS 78384, 2009 WL 288022 (N.D. Cal. Sept. 1, 2009) ........................ 10

*Castillo v. Skoba*
No. 10 CV 1838 BTM, 2010 WL 3986953, at *2 (S.D. Cal. Oct. 8, 2010) .......................... 12, 23

*Cerezo v. Wells Fargo Bank, N.A.*
2013 WL 4029274 (N.D. Cal. Aug. 6, 2013) ............................................................................ 8

*Cervantes v. City of San Diego*
5 F.3d 1273 (9th Cir. 1993) ....................................................................................................... 4

*Conley v. Gibson*
355 U.S. 41 (1957) ..................................................................................................................... 4

*DCD Programs, Ltd. v. Leighton*
833 F. 2d 183 (9th Cir. 1987) ................................................................................................... 23

*Dimrock v. Emerald Properties, LLC*
(2000) 81 Cal. App. 4th 868, 97 Cal. Rptr. 2d 255 ................................................................. 13

*Doe v. United States*
419 F. 3d 1058 (9th Cir. 2005) .................................................................................................. 5

*Fleming v. Kagan*
(1961) 289 Cal. App. 2d 791 ................................................................................................... 19

*Frazier v. Aegis Wholesale Corp.*
2011 WL 603391 (E.D. Cal. Dec. 16, 2011) .......................................................................... 19

*Giannini v. American Home Mortg. Servicing, Inc.*
No. 11-04 489 THE (N.D. Cal. Feb. 1, 2012) ......................................................................... 20

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

iii

*Gilligan v. Jamco Dev. Corp.*
   108 F.3d 246 (9th Cir. 1997) .................................................................................. 4

*Glaski v. Bank of America, N.A.*
   (2013) 218 Cal. App. 4th 1079 .............................................................................. 12

*Gomes v. Countrywide Home Loans, Inc.*
   192 Cal. App. 4th 1149 (2011) .............................................................................. 13

*Hartford Fire Ins. Co. v. California*
   509 U.S. 764 (1993) ................................................................................................ 4

*Herrera v. Deutsche Bank National Trust Co.*
   196 Cal. App. 4th 1366 ........................................................................................... 8

*Humboldt Sav. Bank v. McClevery*
   (1911) 161 Cal. 285 .............................................................................................. 19

*In Re Salazar*
   448 B.R. 814 (S.D. Cal. 2011) .............................................................................. 19

*Javaheri v. JPMorgan Chase Bank, N.A.*
   CV-10-08185 ODW FFMX, 2011 WL 2173786, at *5-6 (C.D. Cal. June 2,
   2011) .................................................................................................................. 8, 13

*Jenkins v. JPMorgan Chase, N.A.*
   (2013) 216 Cal. App. 4th 497 ................................................................................. 9

*Johnson v. HSBC Bank USA, N.A.*
   2012 WL 928433*2 (S.D. Cal. March 19, 2012) .................................................... 8

*Kachlon v. Markowitz* (2008)
   168 Cal. App. 4th 316 ........................................................................................... 15

*Lane v. Vitek Real Estate Industries Group*
   713 F. Supp.1092 (N.D. Cal. 2010) ........................................................................ 9

*Mabry v. Superior Court*
   185 Cal. App. 4th 208 (2010) ............................................................................... 17

*Miller v. Carrington Mortg. Services*
   C-12-2282 EMC, 2012 WL 3537056, at *6 (N.D. Cal. Aug. 14, 2012) ................ 19

*Naranjo v. SBMC Mortgage*
   2012 WL 3030370 (S.D. Cal. July 24, 2012) ......................................... 7, 13, 20, 22

*Ohlendorf v. Am. Home Mortg. Servicing*
   279 F.R.D. 575 (E.D. Cal. 2010) .......................................................................... 12

iv

*Robinson v. Countrywide Home Loans, Inc.*
  Case No. E052011 (CA Dist. 4 Ct. App., Div. 2, Sept. 12, 2011)..................................... 12

*Rutman Wine Co. v. E. & J. Gallo Winery*
  829 F.2d 729 (9th Cir. 1987) ............................................................................................ 4

*Sacchi v. Mortgage Electronic Registration Systems, Inc.*
  No. CV 11-1658 AHM (CW,), 2011 WL 2533029, at *9-10 (C.D. Cal. June 24,
  2011) ........................................................................................................................... 12, 19

*Scheuer v. Rhodes*
  416 U.S. 232, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974) ............................................... 5, 23

*Siliga v. Mortgage Electronic Registration Systems, Inc.*
  219 Cal. App. 4th 75 (2013) ...................................................................................... 9, 13, 14

*Tamburri v. Suntrust Mortg., Inc.*
  C-11-2899 EMC, 2011 W.L. 6294472, at *5-6 (N.D. Cal. Dec. 15, 2011) ........................ 18, 19

*United States v. City of Redwood City*
  640 F.2d 963 (9th Cir. 1981) .............................................................................................. 5

## Statutes

Calif. Business & Professions Code § 17200 ...................................................................... 1, 20

Calif. Civil Code § 1708 ....................................................................................................... 21

Calif. Civil Code § 1709 ....................................................................................................... 21

Calif. Civil Code § 2923.5 ................................................................................................ *passim*

Calif. Civil Code § 2923.5(a)(1) ......................................................................................... 17

Calif. Civil Code § 2924 ...................................................................................................... 17

Calif. Civil Code § 2924(a)(1) ............................................................................................. 21

Calif. Civil Code § 2924(a)(1)(C) ....................................................................................... 21

Calif. Civil Code § 2924(a)(6) ............................................................................................. 7

Calif. Code of Civil Procedure § 47 .................................................................................... 15

Calif. Code of Civil Procedure § 47(c)(1) ........................................................................... 15

*Burke v. JPMorgan Chase Bank, N.A., et al. Case No. C13-4249 JCS; Plaintiffs' Opposition to Defendants' Motion to Dismiss*

**Rules**

Federal Rules of Civil Procedure 12(b)(6). ..................................................................*passim*

Federal Rules of Civil Procedure 9(b) ................................................................................. 15

Federal Rules of Civil Procedure Rule 8(a) ........................................................................... 4

**TO THE COURT, DEFENDANTS, ATTORNEYS OF RECORD AND ALL INTERESTED PARTIES:**

Plaintiffs DEBORAH L. BURKE and SEAN K. BURKE oppose Defendants' Motion to Dismiss their Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs' Opposition is based on the accompanying Memorandum of Points and Authorities, the Verified Complaint and the record of the case.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I. OVERVIEW**

DEBORAH L. BURKE and SEAN K. BURKE have sued JPMORGAN CHASE BANK, N.A. and WELLS FARGO BANK, N.A., as Trustee for the JPMorgan Mortgage Trust 2008-R2 Mortgage Pass-through Certificates Series 2008-R2 for wrongful foreclosure, in order to quiet title to their real property, for slander of title, fraud, cancellation of instruments, violation of California Civil Code Section 2923.5 and the California Business & Professions Code, Section 17200 *et seq*. Plaintiffs also seek to permanently enjoin all foreclosure activity on their real property and restitution for mortgage payments and fees and costs improperly collected by Defendants from them.

The thrust of Plaintiffs' case is that, as a result of fraudulent foreclosure documents and egregious breaches of agreements governing the MBS TRUST to which Plaintiffs' loan was sold in 2008, Plaintiffs' loan has become unsecured. As a result, none of the Defendants named to this action is a beneficiary or real party in interest under Plaintiffs' Deed of Trust having the power to collect payments and or to exercise the power of sale.

**II. FACTUAL BACKGROUND**

Plaintiffs are owners of real property, their home, located at 2136 McLean Place, Livermore, Alameda County, California 94550. On August 7, 2007, Plaintiffs refinanced the existing mortgage loan on the Subject Property. Specifically, they executed a Deed of Trust ("DOT") and Adjustable Rate Rider. The DOT identifies Washington Mutual Bank, FA as the lender and California Reconveyance Company (hereinafter "CRC") as the trustee . CRC is a wholly-owned subsidiary of Defendant CHASE. The mortgage documents were recorded on August 10, 2007. Washington

1

*Burke v. JPMorgan Chase Bank, N.A., et al. Case No. C13-4249 JCS; Plaintiffs' Opposition to Defendants' Motion to Dismiss*

Mutual Bank, F.A. was the original servicer of Plaintiffs' loan.

On or before August 22, 2008, Plaintiffs' mortgage loan was contributed to the MBS TRUST identified as JPMorgan Mortgage Trust 2008-R2 Mortgage Pass-through Certificates Series 2008-R2 for which Defendant WELLS FARGO serves as trustee. However, as prescribed rules governing the trust were violated, the securitization of Plaintiffs' loan failed leaving WELLS FARGO without any legal or equitable interest in Plaintiffs' mortgage. Defendants tried to cover up the botched undocumented sale by filing fraudulent foreclosure documents years after the loan already had been sold to the MBS TRUST. In these documents Defendant CHASE deliberately misrepresents itself as successor-in- interest to WASHINGTON MUTUAL BANK, FA (hereinafter "WAMU FA"), the original lender, presumably on the ground that on September 25, 2008, Chase acquired certain assets from the failed WASHINGTON MUTUAL BANK. In fact, however, WAMU FA's interest in Plaintiffs' loan was completely extinguished when it sold it to the MBS Trust , through WASHINGTON MUTUAL BANK , for full value received, on or before August 22, 2008, the Closing date of that TRUST.

The following are the fraudulent foreclosure documents filed by the Defendants. First, on October 28, 2010, CRC, the foreclosing trustee, recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD"). The NOD states that the present beneficiary under the Deed of Trust has executed and delivered to the trustee a written Declaration and Demand for Sale. However, the NOD does not identify the purported present beneficiary. The NOD also falsely states that :"To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if or property is in foreclosure for any other reason, contact: JPMorgan Chase Bank, National Association, at 7301 BAYMEADOWS WAY, JACKSONVILLE, FL 32256 (800) 848-9380." CHASE has no right to collect mortgage payments and associated fees and costs from Plaintiffs. There is no evidence that CHASE is a valid loan servicer or beneficiary of Plaintiffs' mortgage loan. As the securitization of Plaintiffs' loan failed, CHASE cannot be acting as servicer for the JPMMT 2008-R2 Trust. As Plaintiffs' loan was sold to the MBS Trust before CHASE acquired certain assets of the failed Washington Mutual Bank, it did not succeed to the servicing rights of WAMU. Moreover, CHASE did not succeed to the WAMU's beneficial interest in Plaintiffs' loan because

2

*Burke v. JPMorgan Chase Bank, N.A., et al. Case No. C13-4249 JCS; Plaintiffs' Opposition to Defendants' Motion to Dismiss*

the loan was no longer among WAMU's assets when CHASE acquired certain assets of the failed bank on September 25, 2008. Attached to the NOD is a false declaration of compliance with 2923.5. The NOD is fraudulent and void.

CHASE did not succeed to the beneficial interest in Plaintiffs' loan for the additional reason that Washington Mutual Bank, FA ceased to exist as a legal entity on or before April 4, 2005. Specifically, on April 4, 2005, Washington Mutual Bank, FA of Stockton, California was changed to Washington Mutual Bank. In September 2005, Washington Mutual Bank moved its headquarters to Henderson, Nevada.

On April 18, 2011, CRC recorded a Notice of Trustee's Sale ("NOTS 1"). As NOTS 1 flows from the fraudulent and void NOD and was not issued by a valid loan servicer or on behalf of a valid mortgagee or beneficiary, it is void and of no legal force and effect. The NOTS also contains a false declaration of compliance with 2923.5.

On April 18, 2012, CRC recorded another Notice of Trustee's Sale ("NOTS 2"). Like NOTS 1, NOTS 2 flows from an invalid NOD and is, likewise, fraudulent, null and void.

CHASE apparently also claims to be the servicer of the Plaintiffs' loan, again, presumably as the purported successor- in- interest to WAMU FA. But, again, Plaintiffs' mortgage loan was no longer among WASHINGTON MUTUAL BANK'S assets when the failed Bank was acquired by CHASE. Moreover, nowhere does there exist evidence that CHASE obtained the right and authority to service the loan from the mortgagee or true beneficiary. The true beneficiary is unknown after the chain of title the property was irreversibly broken when WAMU FA sold the Plaintiffs' mortgage loan but *failed* to effectively transfer, assign and convey it to the securitization trust for the benefit of the unknown and multiple investors (Certificateholders) who funded the purchase of Plaintiffs' NOTE and DOT. Therefore, the "servicing" cannot be, and was never, authorized by the MBS Trust or by WAMU FA.

There now exists a cloud on Plaintiffs' title to their property which renders it unalienable. Further, Plaintiffs have been fraudulently induced to pay mortgage payments to CHASE and its predecessor CHASE HOME FINANCE LLC, which are, and were, parties without authority to collect them. Consequently, Plaintiffs seek the Court's intervention to quiet title to their real

1    property in their names and to disgorge the ill-gotten gains obtained by defendants at Plaintiffs'

2    expense.

3    **III.    STANDARD OF REVIEW**

4             Motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule

5    12(b)(6) are viewed with disfavor, and accordingly, dismissals for failure to state a claim are

6    "rarely granted." *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) (citation

7    omitted).   The standard for dismissal under Rule 12(b)(6) is a stringent one.   "[A] complaint

8    should not be dismissed for failure to state a claim unless it appears ***beyond doubt*** that the

9    plaintiff can prove no set of facts in support of her claim which would entitle her to relief." *See*

10   *Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811 (1993) *(quoting Conley v. Gibson,* 355

11   U.S. 41, 45-46 (1957); *Cervantes v. City of San Diego,* 5 F.3d 1273, 1274 (9th Cir. 1993)

12   (emphasis added).   A Plaintiff's burden at the pleading stage is relatively light.   Rule 8(a) of the

13   Federal Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief . . . shall

14   contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

15   Fed. R. Civ. P. 8(a).

16            The purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of

17   the statement of the claim for relief in the complaint.   *See Rutman Wine Co. v. E. & J. Gallo*

18   *Winery,* 829 F.2d 729, 738 (9th Cir. 1987).   The complaint must be construed in the light most

19   favorable to the nonmoving party and its allegations taken as true. *See Scheuer v. Rhodes,* 416

20   U.S. 232, 236 (1974).   Moreover, the court must draw reasonable inferences in the plaintiff's favor.

21   *Doe v. United States,* 419 F. 3d 1058, 1062 (9th Cir. 2005).   A 12(b)(6) motion is not a procedure for

22   resolving a contest about the facts or the merits of the case.   In reviewing the sufficiency of the

23   complaint, the issue is not whether the plaintiff will ultimately prevail, but whether the Plaintiff is

24   entitled to offer evidence to support the claims asserted.   *See Scheuer v. Rhodes,* 416 U.S. 232,

25   236, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974).   Inquiry into the adequacy of the evidence is improper.

26   *Enesco Corp. v. Price/Costco, Inc*., 146 F. 3d 1083, 1085 (9th Cir. 1998).   Furthermore, more

27   recently, the United States Supreme Court has held that to survive a motion to dismiss, a

28   complaint need only contain sufficient factual matter, accepted as true, would "state a claim to

1   relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly,* 55 US 544 (2007). For

2   all of these reasons, it is only under extraordinary circumstances that dismissal is proper under

3   rule 12(b)(6). *United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

4   **IV.    ARGUMENT**

5           **A.    The Failed Attempt to Securitize Plaintiffs' Mortgage Loan Broke the
                    Chain of Title Defendants Relied Upon to Foreclose**

6

7           Defendants argue that Plaintiffs may not challenge foreclosure on the ground that their

8   mortgage loan was  securitized. *See* Motion to Dismiss ("MTD") at 3. Defendants also argue

9   that Plaintiffs cannot use alleged violations of Pooling and Servicing Agreement governing the

10  mortgage-backed securities trust to which Plaintiffs' mortgage was sold to challenge their

11  authority to foreclose. *Id*. Defendants do not dispute Plaintiffs' allegation that their loan was

12  securitized in August, 2008.

13          Plaintiffs raise the securitization of their mortgage loan to support their contention that,

14  as CHASE had no affiliation with WAMU in any way before Plaintiffs' Loan was sold to the

15  JPMorgan Mortgage Trust 2008-R2 Mortgage Pass-through Certificates Series 2008-R2 Trust

16  ("JPMMT 2008-R2 Trust"), CHASE could not have inherited the Loan as WAMU's successor

17  pursuant to the Purchase & Assumption Agreement with the FDIC.  One cannot lose what one

18  never possessed in the first place.

19          Defendants make the preposterous argument that when WAMU sold Plaintiffs' Loan in

20  August, 2008 to the JPMMT 2008-R2 Trust, for value received, WAMU somehow retained a

21  beneficial interest in the loan after the sale of all its right, title and interest.  This argument is

22  nonsense and not supported by the facts or the case law referenced in Defendants' Motion to

23  Dismiss. Defendants conveniently ignore recent case law which completely undermines this

24  outdated, discredited legal theory. Moreover, Defendants misconstrue the Complaint. In the

25  Complaint, Plaintiffs allege that, as the securitization of their mortgage failed, the chain of

26  title is irrevocably broken and the current beneficiary under the Deed of Trust with the power

27  of sale is unknown.  Plaintiffs do not dispute the fact that they owe mortgage payments under

28  the terms of their loan documents.  Instead, they allege that, as a result of the failed

5

*Burke v. JPMorgan Chase Bank, N.A., et al. Case No. C13-4249 JCS; Plaintiffs' Opposition to Defendants' Motion to Dismiss*

securitization and the fraudulent conduct defendants subsequently engaged in to cover up the botched securitization.

Due to widespread violations of borrowers' constitutional due process rights and unsound banking practices, California's non-judicial foreclosure statute was amended by the California Homeowners' Bill of Rights Act.  The amendments became effective on January 1, 2013. The amendments make it crystal clear that foreclosure may be pursued only by, or on behalf of, the entity holding the beneficial interest in a loan in default.  Specifically, Cal. Civil Code section 2924(a)(6) provides as follows:

> No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the substituted trustee under the  deed of trust, or the designated  agent of the holder of the beneficial interest…. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest.

Here, Plaintiffs' wrongful foreclosure theory is analogous to the plaintiff's theory in *Naranjo v. SBMC Mortgage*, 2012 WL 3030370 (S.D. Cal. July 24, 2012) In *Naranjo*, plaintiff alleged that the transfer of rights to the securities trust was improper and that, therefore, the defendants lacked the legal right either to collect on the debt or to enforce the underlying security interest. *Id*.  The court denied defendant's motion to dismiss on this issue ruling that "this allegation gives rise to a plausible inference that the subsequent assignment, substitution and notice of default and election to sell may also be improper". *Id*.

Securitization of Plaintiffs' loan also establishes that the original lender's interest in Plaintiffs' loan was extinguished in August, 2008 when it sold the mortgage to the JPMorgan Mortgage Trust 2008-R2 Mortgage Pass-through Certificates Series 2008-R2 ("JPMMT 2008-R2 Trust JPMMT 2008-R2 Trust"). Similarly, Washington Mutual's loan servicing rights ended when Plaintiffs' loan was sold  to the Trust.  *See, e.g., Herrera v. Deutsche Bank National Trust Co*., 196 Cal. App. 4th 1366, 1378 ( ruling that Deutsche Bank is not entitled to summary judgment on a wrongful foreclosure claim because it failed to show a chain of ownership that would establish it was the true beneficiary under the deed of trust).  *See also  Johnson v. HSBC Bank USA, N.A*.,

2012 WL 928433*2 (S.D. Cal. March 19, 2012) (a plaintiff who alleges violation of the Pooling and Service Agreement and relevant law is not excluded from making claims based on allegations surrounding the loan's securitization); *Cerezo v. Wells Fargo Bank, N.A.* 2013 WL 4029274 (N.D. Cal. Aug. 6, 2013) ( the seller of the beneficial interest in a promissory note to a securities trust does not retain the rights to foreclose on property).

In *Javaheri v. JPMorgan Chase Bank, N.A.*, CV-10-08185 ODW FFMX, 2011 WL 2173786, at *5-6 (C.D. Cal. June 2, 2011), the court denied Chase's Motion to Dismiss where Plaintiff alleged that Washington Mutual, the original lender, had transferred the loan to a securities trust prior to its closure by the U.S. Office of Thrift Supervision and JPMorgan's subsequent acquisition of its assets.  The court took note of the fact that the plaintiff had produced specific facts regarding the transfer of Plaintiff's Note suggesting that Washington Mutual had indeed alienated its beneficial interest to plaintiff's deed of trust prior to PJMorgan's later acquisition of Washington Mutual's assets. *Id. See also Barrionuevo v. Chase Bank, N.A.* No. C-12-0572 EMC (Aug. 6, 2012) (wherein the court denied Chase's Motion to Dismiss where Plaintiffs alleged that its Notice of Default was issued after alienation of Plaintiff's deed of trust by Washington Mutual).

All of the cases referenced by Defendants all involve MERS with which the original lenders in those cases contracted to serve as their nominal beneficiary.  MTD at 3. These cases all involve "pre-emptive judicial action challenging the defendants' authority to foreclose. An action is pre-emptive if the plaintiff alleges no specific facts supporting the claim that foreclosure  was not initiated by  the correct party. *See Siliga v. Mortgage Electronic Registration Systems, Inc.*, 219 Cal. App. 4th 75, 85 (2013).  A pre-emptive suit does not seek a remedy for specified misconduct in the non-judicial process, which may provide a basis for a valid cause of action. *Id; Jenkins v. JPMorgan Chase, N.A.* (2013) 216 Cal. App. 4th 497, 512. Reference to these cases is merely Defendants' attempt to misdirect the Court.

For a specific example, in *Lane v. Vitek Real Estate Industries Group*, 713 F. Supp.1092 (N.D. Cal. 2010), the court ruled that MERS has standing to foreclose as nominee for the (original) lender and beneficiary under the deed of trust and may assign its beneficial interest to

7

*Burke v. JPMorgan Chase Bank, N.A., et al. Case No. C13-4249 JCS; Plaintiffs' Opposition to Defendants' Motion to Dismiss*

1   another party.  The *Lane* court further ruled that MERS does not lose its power of sale under
2   the deed of trust when the original promissory note is assigned to a trust pool.  *Lane* is not
3   applicable to this case.

4       Typically, when the original lender appoints MERS as its nominal beneficiary, the
5   borrower's deed of trust expressly states that the borrower acknowledges that MERS has the
6   right to sell the deed of trust without notice on behalf of the lender and its successors and
7   assigns. *See, e.g., Benham v. Aurora Loan Services*, 2009 U.S. Dist. LEXIS 78384, 2009 WL
8   288022 (N.D. Cal. Sept. 1, 2009). Here, WAMU did not hire MERS to serve as its nominal
9   beneficiary.  Instead, in its capacity as the true beneficiary under Plaintiffs' deed of trust, it sold
10  all of its title and beneficial interest in Plaintiffs' loan to the JPMMT 2008-R2 Trust in August,
11  2008. Thus, WAMU's interest in Plaintiffs' loan was extinguished in August, 2008 and it lost
12  its power to sell the same loan over and over again to another party.  In fact, that circumstance
13  would give rise to competing beneficiaries- the trustee of the MBS trust and the entity to which
14  the loan was subsequently resold.

15      In *Bascos v. Federal Home Loan Mortg. Corp*. 2011 WL 3157063 at *6 (C.D. Cal. July
16  22, 2011), another MERS case, the court determined that "[t]o the extent Plaintiff challenges
17  the securitization of his loan because Freddie Mac failed to comply with the terms of the
18  securitization agreement, Plaintiff has no standing to challenge the validity of the securitization
19  of the loan as he is not an investor of the loan trust." Here, Plaintiffs are not challenging the
20  securitization of their loan - Plaintiffs don't care if the JPMMT 2008-R2 Trust investors lose
21  their favorable pass-through tax treatment.  Plaintiffs reference the securitization documents
22  only to show that none of the defendants to this law suit has standing to enforce their mortgage
23  loan.  Plaintiffs have every right to protect their property rights and due process rights
24  guaranteed by California's Constitution.

25      Most of Defendants' objections to Plaintiffs' claims are based on their thoroughly
26  discredited contention that the securitization of Plaintiffs' loan is irrelevant to the court's ruling

27

28

8

*Burke v. JPMorgan Chase Bank, N.A., et al. Case No. C13-4249 JCS; Plaintiffs' Opposition to Defendants' Motion to Dismiss*

on the Motion to Dismiss.[1] Accordingly, Defendants' Motion should be denied in its entirety.

### B.    Plaintiffs' Wrongful Foreclosure Claim is Predicated on Defendants' Fraudulent and Void Foreclosure Activity

Defendants challenge Plaintiffs' Wrongful Foreclosure cause of action on the ground that Plaintiffs cannot demonstrate that the foreclosure activity was either irregular or illegal. MTD at 4.  Defendants argue that CHASE "was assigned WAMU's interest in Plaintiffs' DOT as a result of the Purchase & Assumption Agreement" executed with the FDIC on September 25, 2008. MTD at 5-6.  Defendants point to no language, paragraph, page or schedule in the PAA to support their bald assertion.  In fact, Plaintiffs' mortgage loan is nowhere referenced in the 39-page PAA.  Thus, the PAA has no probative value in this case.  For this reason, Plaintiffs have objected to Defendants' request that the court judicially notice this document.

Defendants also contend that Plaintiffs' wrongful foreclosure claim is predicated on a baseless argument that any assignment of rights and interests in a deed of trust must be recorded.  MTD at 6.  Defendants misconstrue the Complaint.  Plaintiffs do not contend  that the assignments must be recorded; instead, they point to the absence of recorded assignments as evidence that the chain of title protocol mandated by the governing trust documents was not followed and, therefore, securitization of Plaintiffs' mortgage loan failed.

Defendants' position seems to be that they are not required to demonstrate their standing to enforce Plaintiffs' mortgage.  They are wrong. Plaintiffs have alleged specific facts to support their contention that neither  CHASE nor WELLS FARGO is a real party in interest with standing to enforce their mortgage. Due to the irreversible break in the chain of title to Plaintiffs' mortgage, the true and valid beneficiary is unknown.  What **is** known is that the Defendants to this action do not have the authority to exercise  the power of sale or to

---

[1] Defendants state that "it is disingenuous for Plaintiffs to allege that Defendants do not have any interest in the Loan when Plaintiffs admit that they applied for a loan modification with JPMorgan". MTD at 4. However, Plaintiffs learned of Defendants' lack of standing to enforce their mortgage loan only after hiring a forensic mortgage loan auditor and an attorney to defend their property rights.  At the time Plaintiffs applied for a loan modification, they were unaware of the fraud perpetrated against them by the Defendants.

collect mortgage payments from the Plaintiffs. Plaintiffs have every right to protect their property from foreclosure based on the securitization of his mortgage loan. *See Glaski v. Bank of America, N.A.*, (2013) 218 Cal. App. 4th 1079 (reh'g denied); *Barrionuevo v. Chase Bank, N.A.*, C12-0572 EMC (N.D. Cal. Aug. 6, 2012) at 11; *Sacchi v. Mortgage Electronic Registration Systems, Inc.*, No. CV 11-1658 AHM (CW,), 2011 WL 2533029, at *9-10 (C.D. Cal. June 24, 2011); and *Robinson v. Countrywide Home Loans, Inc.*, Case No. E052011 (CA Dist. 4 Ct. App., Div. 2, Sept. 12, 2011) at 7 n.5 ("a borrower who believes that the foreclosing entity lacks standing to do so" is not "without a remedy. The borrower can seek to enjoin the trustee's sale or to set the sale aside.").

In *Ohlendorf v. Am. Home Mortg. Servicing*, 279 F.R.D. 575, 583 (E.D. Cal. 2010), the court denied defendants' motion to dismiss plaintiff's wrongful foreclosure claim insofar as it was is premised on defendants not being proper beneficiaries ruling that while proof of possession of the note is not necessary to legally institute non-judicial foreclosure proceedings against plaintiff, the plaintiff still has a viable claim for wrongful foreclosure insofar as he argues that defendants are not the proper parties to foreclose. Further, in *Castillo v. Skoba*, No. 10 CV 1838 BTM, 2010 WL 3986953, at *2 (S.D. Cal. Oct. 8, 2010), the court granted a preliminary injunction in a wrongful foreclosure case where it concluded that the "[p]laintiff is likely to succeed on the merits of his claim that neither Aurora nor Cal-Western had authority to initiate the foreclosure sale at the time the Notice of Default was issued. Even in the widely misconstrued *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1156 (2011), the court, while upholding dismissal of Plaintiff's wrongful foreclosure because Plaintiff sought a determination as to whether MERS had the authority to foreclose, without presenting any evidence that it did not, noted that a wrongful foreclosure action was proper where the Plaintiff identifies a specific factual basis for alleging that the foreclosure was not initiated by the correct party. *See also Naranjo v. SBMC Mortgage, supra,* (wherein the court determined that defendants' reliance on *Gomes* was misguided where plaintiff alleged that the transfer of rights to the securities trust was improper thereby depriving defendants of the legal right to enforce the mortgage); *Javaheri v. JPMorgan Chase Bank, N.A.*, CV 10-08185 ODW FFMX, 2011 WL 2173786, at *5-6 (C.D. Cal. June 2, 2011; *Dimrock v. Emerald*

*Properties, LLC* (2000) 81 Cal. App. 4th 868, 97 Cal. Rptr. 2d 255.

Defendants argue that as Plaintiffs are in default of their mortgage obligations, that they will not be prejudiced even if their house is sold in foreclosure by a party without authority to exercise the power of sale *quoting Siliga, supra*. Reply at 3. However, *Siliga* must be narrowly construed; otherwise, the procedural due process afforded by the non-judicial foreclosure statute would be eviscerated. *Siliga* addressed plaintiff's claim that MERS has no authority, as nominee for the lender, to convey the beneficial interest in a deed of trust. Plaintiff in that case did not allege any misconduct on the part of the defendants or specific violations of California's non-judicial foreclosure statute. The court merely ruled that MERS has authority to assign mortgages and there was no evidence to suggest that the original lender, MERS' principal, would not have exercised the power of sale.

Defendants' objections to Plaintiffs' wrongful foreclosure claim is wholly without merit.

**C.      Plaintiffs' Quiet Title Cause of Action is Pled with Requisite Specificity**

Defendants next contend that Plaintiffs' Quiet Title cause of action (Count II) is alleged in conclusory terms. MTD at 6-7. Count II alleges that CHASE claims a right to collect mortgage payments and associated costs and fees as purported servicer of Plaintiffs' loan. Count II further alleges that Defendant WELLS FARGO as trustee for the JPMMT 2008-R2 Trust could claim to hold the beneficial interest in Plaintiffs' loan with the power of sale under the Deed of Trust and that Defendants' claims are adverse to Plaintiffs because Plaintiffs are informed and believe that neither CHASE nor WELLS FARGO is a holder of the NOTE, cannot prove any interest in the NOTE or that the NOTE is secured by the DOT, as well as for the reasons set forth in the causes of action *supra* and *infra*. Compl., Para. 36. Plaintiffs' Complaint is fact intensive and sets forth, in great detail, Defendants' fraudulent attempts to enforce rights in Plaintiffs' loan which they do not, in fact, possess. *See, e.g.*, Compl., Paras. 12-14,17-26 (incorporated by reference into Count II). As alleged in Count II and throughout the Complaint, Defendants' claimed interests in Plaintiffs' mortgage are adverse to Plaintiffs' claims that they have made mortgage payments to the wrong entity and that Defendants are attempting to seize their home in violation of the non-judicial foreclosure statute and their due process rights.

11

1    Therefore, Defendants' contention that Plaintiffs' Quiet Title claim is couched in

2    conclusory terms is baseless.

3    **D.    Defendants' Publication of False Documents is Not Privileged**

4    Defendants argue that Plaintiffs' Quiet Title claim Slander of Title count fails because

5    the false foreclosure documents they filed are privileged communications pursuant to Cal.

6    Code Civil Pro. Section 47.  MTD at 7; Reply at 6.  CCP 47 provides only a qualified

7    privilege.  It does not protect statements made with malice.  *See* CCP 47(c)(1). "Malice" is

8    established by showing that the defendant lacked reasonable grounds for belief in the truth of

9    the publication and therefore acted in reckless disregard of the plaintiff's rights. *Kachlon v.*

10   *Markowitz* (2008) 168 Cal. App. 4th 316, 336.

11   First, Plaintiffs have alleged malice and their allegation must be accepted as true. *See*

12   Compl. Paras. 41-42. Second, Plaintiffs specifically allege that Defendants knowingly made the

13   false statements  and recorded knowingly false foreclosure documents to cover up the failed

14   securitization of Plaintiff's loan. Certainly Defendants acted in reckless disregard of Plaintiff's due

15   process rights when they intentionally engaged in egregious violations of the non-judicial

16   foreclosure statute.  Therefore, defendants' communications are not privileged or in any way

17   justified and their challenge to Plaintiffs' Quiet Title and Slander of Title claims fails.

18   **E.    Plaintiffs' Fraud Count is Pled With the Requisite Specificity**

19   Defendants next contend that Plaintiffs' fraud count fails to satisfy the heightened pleading

20   requirements of Federal Rule of Civil Procedure 9(b).  MTD at 8. In fact, however, Plaintiffs have

21   alleged the facts underpinning their fraud count in meticulous detail.  They have alleged the "what,

22   when, where and how" surrounding the Defendants' fraudulent activities.  *See* Compl., Paras. 46-

23   54.

24   Defendants argue that the fraud count fails because "there is no false representation of

25   material fact". *Id*.  Plaintiffs not only allege that Defendants made false representations of material

26   fact, they quote the false statements *verbatim*.  *See, e.g*., Compl. Paras. 46, 47, 51. What

27   Defendants really mean to say is that they disagree with Plaintiffs' well-supported averments.

28   However, this type of factual inquiry is inappropriate at this stage of the proceedings.

12

*Burke v. JPMorgan Chase Bank, N.A., et al. Case No. C13-4249 JCS; Plaintiffs' Opposition to Defendants' Motion to Dismiss*

1  In their Reply, Defendants argue that as their deliberate misrepresentations were made in

2  recorded, written foreclosure documents, and not orally, that they made not be held liable for their

3  fraud.  This is nonsense.  The recorded misrepresentations were directed at Plaintiffs and were

4  mailed to them. Because they were set forth in recorded land records, Plaintiffs were duped into

5  believing  and relying on the  misrepresentations.

6  Finally, Defendants object to the fraud claim on the ground that '[p]laintiffs fail to allege

7  that Defendants had intent to induce reliance on any alleged statements made by Defendants". *Id*.

8  However, the plain language of the fraud allegations confirm that Defendants have misconstrued

9  the Complaint.  Specifically, Plaintiffs aver the following:

> Defendants CHASE and WELLS FARGO had knowledge of the falsity of the NOD and
> NOTS  and filed these documents with the intent to defraud Plaintiffs.  Likewise,
> Defendant CHASE knew that it had no authority to collect mortgage payments from
> Plaintiffs because it is not a valid loan servicer with no valid principal/beneficiary but
> nevertheless demanded and took payment from Plaintiffs with an intent to defraud.

Compl., Para 52.

> **Plaintiffs justifiably relied on Defendants' false representations and suffered harm
> as a direct result of these deliberately false representations.** The NOD and NOTS
> appear to be valid land records and have negatively impaired Plaintiffs' creditworthiness
> and have led to the imminent loss of their home. They have made mortgage payments to
> CHASE and its predecessor, justifiably relying on their false representations that they are
> and were valid servicers of their mortgage loan.  In fact, CHASE and CHASE HOME
> FINANCE LLC never had authority to collect mortgage payments from them.

Compl., Para. 53 (emphasis supplied).

Clearly, Defendants' objections to Plaintiffs' fraud claim are entirely baseless.

**F.      Defendants' Objections to Plaintiffs' Cancellation of Instruments Cause of
Action are Meritless**

Defendants' objection to Plaintiffs' Cancellation of Instruments claim is based exclusively

on their contention that they have standing to enforce Plaintiffs' mortgage loan. MTD at 9. But, as

explained throughout this Opposition and, in particular, Sections IV.A and B, due to the irreversible

break in the chain of title of Plaintiffs' mortgage loan, none of the Defendants is a real party in

interest having the power of sale or the authority to collect mortgage payments from Plaintiffs.

Defendants may disagree with Plaintiffs' well-pled lack of standing allegations; however,

this is a factual dispute which may not be resolved at this stage of the proceedings.

**G.     Plaintiffs have the Right to Enforce the Requirements of Cal. Civil Code section 2923.5**

Defendants appear to contend that, as compliance with the requirements of CCC 2923.5 need not be declared under penalty of perjury, that Defendants have license to lie regarding compliance with that statutory provision. MTD at 10.  CCC 2923.5(a)(1) provides  that "[a] mortgage trustee, beneficiary or authorized agent may not file a notice of default pursuant to section 2924 until 30 days after the initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g)." Under paragraph (2), "[a] mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Under subdivision (g) "[a] notice of default may be filed…when a mortgagee, beneficiary or authorized agent has not contacted a borrower as required by (2) of subdivision (a0 provided that the failure to contact borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent.

If a mortgagee, beneficiary or authorized agent fails to comply with section 2923.5, then there is not valid notice of default and, without a valid notice of default, a foreclosure sale cannot proceed. *Almutarreb v. Bank of New York Trust Company, N.A.*, No. C12-30661 EMC, 2012 WL 4371410 (N.D. Cal. Sept. 24, 2012) (*citing Mabry v. Superior Court*, 185 Cal. App. 4th 208, 223 (2010)).

Plaintiffs allege that as defendants WELLS FARGO, CHASE and CRC are not mortgagees, beneficiaries or authorized agents, the declaration of compliance with section 2923.5 accompanying the NOD is necessarily false. Compl. Para. 64. Although defendants dispute this assertion, submitting a declaration of compliance with the statute, that does not negate Plaintiffs' allegations at the Rule 12(b)(6) stage. *Almutarreb, supra; Barrionuevos, supra*, 2012 WL 3235953, at *10; *Tamburri v. Suntrust Mortg., Inc*., C-11-2899 EMC, 2011 W.L. 6294472, at *5-6 (N.D. Cal. Dec. 15, 2011).

Defendants' reliance on *Mabry v. Superior Court of Orange County* (2010) 185 Cal. App. 4th 208 as supporting authority is curious at best. There, the court held that section 2923.5 imposes

1  affirmative obligations on lenders and their agents and that there is a private right of action to

2  enforce the statute's mandates.  The *Mabry* court further held that a plaintiff's remedy for violation

3  of section 2923.5 is postponement of any foreclosure sale until the contact requirements of the

4  statute have been met. *Id*. at 219-222.

5       Defendants also contend that Plaintiffs must allege tender of the outstanding debt to maintain

6  a cause of action under section 2923.5 or wrongful foreclosure.  MTD at 10-11. Well-established

7  law rejects Defendants' tender argument.  *Mabry* holds that it would be contradictory to predicate

8  enforcement of 2923.5 on full tender.  *Id*. at 225-226.  As to Plaintiffs' wrongful foreclosure and

9  related claims, it is well-settled law that where, as here, Defendants' wrongful foreclosure activities

10  and void and not merely voidable tender is not required. Plaintiffs contend that CHASE and WELLS

11  FARGO and their agent, CRC, are pursuing foreclosure activity against them without authority to do

12  so.  Therefore, any ensuing foreclosure sale is void, not voidable.  Under these circumstances, tender

13  of the outstanding mortgage debt is neither required nor equitable.  *Frazier v. Aegis Wholesale*

14  *Corp*., 2011 WL 603391 (E.D. Cal. Dec. 16, 2011); *Tamburri v. Suntrust Mortgage, et al*. No. C-11-

15  2899 EMC WL 6294472 (N.D. Cal. Dec. 15, 2011); *Sacchi v. Mortgage Eleactronic Registration*

16  *Systems, Inc*., No. CV-11-1658 AHM (CWx) 2011 WL 2533029 at *2 (S.D. Cal. June 24, 2011);

17  *Fleming v. Kagan* (1961) 289 Cal. App. 2d 791 (tender rule does not apply where the plaintiff

18  alleges that documents were executed as a result of fraud and without plaintiffs' knowledge that the

19  instruments were void); *Humboldt Sav. Bank v. McClevery* (1911) 161 Cal. 285, 291; *In Re Salazar*,

20  448 B.R. 814, 819 (S.D. Cal. 2011).

21       Moreover, it is well-settled that plaintiffs are not required to allege tender to the defendants if

22  they, in fact, are not the true owners of the loan.  *Miller v. Carrington Mortg. Services*, C-12-2282

23  EMC, 2012 WL 3537056, at *6 (N.D. Cal. Aug. 14, 2012) (quoted in *Almutarreb; Frazier v. Aegis*

24  *Wholesale Corp.*, No. C-11-4850 EMC 2011 ("[i]f Plaintiffs are correct in arguing that none of the

25  defendants own the loan, then Plaintiffs should have no obligation to tender any money at all to any

26  defendant, including the quiet title claim").

27       Finally, tender is not required where the foreclosure sale has not yet taken place and the

28  harm to plaintiff is still preventable. *Giannini v. American Home Mortg. Servicing, Inc*., No. 11-04

489 THE (N.D. Cal. Feb. 1, 2012); *Barrionuevos, supra*.

Defendants' objections to Plaintiffs' section 2923.5 are baseless.

**H.     Plaintiffs have Established Standing to Pursue Their UCL Claim**

Defendants contend that Plaintiffs have not established their standing to sue under the deceptive and unfair business practices prongs of the UCL (Bus. & Profs. Code section 17200 *et seq*.). MTD at 12-13. Plaintiffs' UCL claims are based on Defendants' fraudulent, unfair  and deceptive business practices. Compl., Paras. 63-64. Plaintiffs'' allegations are factually analogous to those asserted by the Plaintiff in *Naranjo v. SBMC Mortgage*, 2012 WL 3030370 (S.D. Cal. July 24, 2012).  In *Naranjo*, plaintiff alleged that the transfer of rights to the securities trust was improper and that, therefore, the defendants lacked the legal right either to collect on the debt or to enforce the underlying security interest. *Id*.

The *Naranjo* plaintiff alleged injury-in-fact as a result of defendants' collection of mortgage payments that, purportedly, they had no right to collect.  The court determined that the alleged injuries were monetary, but could also result in the loss of plaintiff's property.  The court further determined that the injuries were causally connected to the Defendants' conduct. Accordingly, the court ruled that plaintiff had standing to pursue her UCL claim. *Id*.

In the case under consideration,  Plaintiffs allege damages resulting from their justifiable reliance on Defendants' fraudulent documents and other foreclosure activity including the imminent loss of their home and payments made to CHASE who had no authority to collect them. Therefore, Plaintiffs have established the causal connection between Defendants' fraud and the damages they have sustained as a consequence of Defendants' fraudulent activities. Therefore, Plaintiffs have standing under the fraudulent conduct prong of the UCL.  In fact, their  Complaint is predicated on the fraudulent conduct of Defendants.  As discussed in section IV.E, above, Plaintiffs have alleged fraud with the requisite specificity.  Therefore, they may pursue a cause of action under the fraudulent conduct prong of the UCL.

Plaintiffs have also specifically alleged unlawful conduct and deceptive business practices on Defendants' part.  The predicate violations of law required to maintain an action for unlawful conduct under the UCL are legion and are specified in Para. 64 of the Complaint.  These violations

16

1   include violation of Civil Code sections 1708, 1709, 2923.5, 2924(a)(1) and 2924 (a)(1)(C). Each

2   allegation of unlawful conduct is specifically ascribed to a particular Defendant. *See* Compl. Paras.

3   64(a)-(i). As explained throughout this Opposition, Defendants' objections to the underlying

4   violations are wholly without merit. Therefore, Plaintiffs have standing under the unlawful conduct

5   prong of the UCL.

6       Plaintiffs  further allege that Defendants' unlawful conduct also constitutes deceptive

7   business practices.  Compl. Paras. 62-64.  Defendants' contrary assertions notwithstanding,

8   Plaintiffs allege that Defendants' misconduct is ongoing and has given each of the Defendants unfair

9   competitive advantage over their competitors.  Plaintiffs further allege that Defendants' fraudulent

10  conduct is specifically designed to defraud California consumers and enrich Defendants at the

11  expense of consumers in the State.  Finally, Plaintiffs aver that the complained of conduct promotes

12  an incipient violation of consumer law, or violates the policy or spirit of such law or otherwise

13  significantly threatens or harms competition.  Compl., Paras. 63,65, 67.

14      The fraudulent, unlawful and deceptive practices perpetrated by Defendants against Plaintiffs

15  does not constitute an isolated incident.  The Office of the Comptroller of Currency, the federal

16  government agency that regulates national banking associations, entered into consent orders with

17  both WELLS FARGO and CHASE on April 13, 2011 finding that both banks engaged in unsafe and

18  unsound banking practices. These practices include litigating foreclosure proceedings and initiating

19  non-judicial foreclosure proceedings without always ensuring that either the promissory note or the

20  mortgage document were properly endorsed or assigned and, if necessary, in the possession of the

21  appropriate party at the appropriate time. *See* Consent Orders, Art. I(2)(c). The OCC mandated that

22  these defendants address these abuses in a Compliance Program. Consent Orders, Art. IV(1)(e).  To

23  be perfectly clear, Plaintiffs do not seek to enforce the requirements of these consent orders. The

24  Office of the Comptroller of the Currency is charged with that responsibility.  Instead, Plaintiffs

25  offer the findings of the OCC to establish  "a pattern of behaviour" or "course of conduct" which

26  gives rise to a reasonable inference that Defendants have engaged in widespread misconduct which,

27  unfairly, provides them with a competitive advantage. True and correct copies of the WELLS

28  FARGO and CHASE Consent Orders are attached hereto as **Exhibits "A"** and **"B",** respectively.

1    For the foregoing reasons, Plaintiffs have standing to pursue their UCL cause of action.

2    **I.      Plaintiffs Assert a Viable Claim for Unjust Enrichment**

3    Defendants contend that it is not unjust for them to retain the mortgage payments collected

4    from Plaintiffs on their behalf. MTD at 13-14. Defendants' self-serving position has no merit.

5    Where, as here, Plaintiff alleges facts that put defendants' rights to collect mortgage payments from

6    him in question, Plaintiff adequately alleges facts that show that defendants were unjustly enriched

7    in collecting mortgage payments based on those presumed rights.  *See Naranjo, supra* (discussion of

8    Plaintiff's quasi-contract claim).  Clearly, as Plaintiffs are not required to tender the unpaid amount

9    of their debt, it follows that they may seek restitution of mortgage payments paid to parties without

10   authority to collect them. Plaintiffs' well-pled restitution averments must be accepted as true.

11   **J.      Plaintiffs' Allegations Satisfy Preliminary Injunction Standards**

12   Lastly, Defendants argue that Plaintiffs are not entitled for an order enjoining foreclosure

13   activities as requested in the Complaint on the ground that Plaintiff cannot prevail on any cause of

14   action against CHASE or WELLS FARGO. MTD at 14.  First, if this were a preliminary injunction

15   action, Plaintiffs would likely prevail on the merits of their claims. *See Castilla v. Skoba, supra*, at

16   *2.  Second, the factual inquiry required to resolve a preliminary injunction action is inappropriate at

17   this stage of the litigation.  The truth of Plaintiffs' allegations is not pertinent at the 12(b)(6) stage of

18   proceedings.  *Scheuer v. Rhodes, supra*.

19   Therefore, Defendants' contention that Plaintiffs are not entitled to injunctive relief is

20   premature.

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28

**V.      CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the court deny Defendants'
Motion to Dismiss in its entirety and direct the Defendants to answer the Complaint.  Should the
court find the Complaint deficient in any respect, Plaintiff requests that the court grant leave to
amend to cure those deficiencies.  *DCD Programs, Ltd. v. Leighton*, 833 F. 2d 183, 186 (9th Cir.
1987) ("[l]eave to amend is to be granted with extreme liberality").

Dated:   November 7, 2013                    LAW OFFICES OF CHARLES T. MARSHALL

                                            /s/ Charles T. Marshall
                                        ─────────────────────────────
                                            Charles T. Marshall
                                            Attorney for the Plaintiffs
                                            DEBORAH L. BURKE and
                                            SEAN K. BURKE