IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH BURKE and SEAN K. BURKE<br><br>  Plaintiffs,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A; WELLS FARGO BANK, N.A. AS TRUSTEE FOR JPMORGAN MORTGAGE TRUST 2008-R2 MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2008-R2,<br><br>  Defendants. | Case No. 13-4249 SC<br><br>ORDER GRANTING MOTION TO DISMISS |

## I.  INTRODUCTION

Plaintiffs Deborah Burke and Sean Burke (collectively, "Plaintiffs") bring this action in connection with the threatened foreclosure of their home in Livermore, California ("the Property"). Defendants JP Morgan Chase Bank, N.A. ("JPMorgan") and Wells Fargo Bank, N.A. ("Wells Fargo") now move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 5 ("Mot."). The Motion is fully briefed, ECF Nos. 10 ("Opp'n"), 19 ("Reply"), and appropriate for determination without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons set for below, the Motion is GRANTED.

## II.  BACKGROUND

On August 7, 2007, Plaintiffs refinanced their existing mortgage on the Property, obtaining a $1,256,250 loan. ECF No. 1 ("Compl.") ¶ 5, Ex. A. The deed of trust securing the mortgage identifies Washington Mutual Bank, FA ("WaMu") as the lender. Id. Ex. A ("DOT"). Plaintiffs allege that on or before August 22, 2008, their mortgage loan was contributed to a mortgage backed security ("MBS") identified as JPMorgan Mortgage Trust 2008 R-2 Pass-through Certificates Series 2008-R2, of which Wells Fargo is the trustee. Id. ¶ 7. Plaintiffs further allege that the securitization of their loan failed, leaving Wells Fargo without any legal or equitable interest in the mortgage. Id. p. 2. The complaint is vague on why the securitization failed, stating only that the sale "w[as] made without the required intervening assignment of Plaintiffs' Deed of Trust and endorsement of the Note." Id. ¶ 12.

On September 25, 2008, WaMu was closed by the Office of Thrift Supervision, and the Federal Deposit Insurance Corporation ("FDIC") was named Receiver. On September 25, 2008, JPMorgan acquired certain assets and liabilities of WaMu through an asset purchase agreement with the FDIC. ECF No. 17 ("RJN") Ex. 2. Though Plaintiffs now allege that JPMorgan does not have any legal or equitable interests in their loan, they applied for a loan modification with JPMorgan sometime in 2010. Compl. ¶ 14. JPMorgan rejected the application in May 2010, stating that Plaintiffs' income was insufficient. Id. Plaintiffs then re-applied for a loan modification. That application was also rejected on the ground that Plaintiffs were "not at risk default

2

because [they] ha[d] the ability to pay [their] current mortgage payment." Id. ¶ 15.

On October 28, 2010, a notice of default and election to sell ("NOD") was recorded with Alameda County, stating that Plaintiffs were $28,024.95 in arrears. Id. ¶ 17, Ex. E. Plaintiffs allege that the NOD's statement that Plaintiffs could contact JPMorgan about the foreclosure proceedings was false because JPMorgan had no right to collect mortgage payments and there is no evidence that JPMorgan is a valid loan servicer or beneficiary of Plaintiffs' mortgage. Id. Plaintiffs reason that because their loan was sold to the MBS trust before JPMorgan acquired the assets of WaMu, JPMorgan did not succeed to the servicing rights of WaMu. Id. In April 2011 and April 2012, notices of trustee sales were recorded with Alameda County. Id. ¶¶ 21, 22. The first notice of trustee's sale indicates that the unpaid balance on the loan was $1,395,095.88. Plaintiffs allege that these instruments, like the NOD, are null and void. Id. ¶ 23. It is unclear from the pleadings whether the foreclosure sale has yet taken place.

Based on these allegations, Plaintiffs assert causes of action for: (1) wrongful foreclosure, (2) quiet title, (3) slander of title, (4) fraud, (5) cancellation of instruments, (6) violation of California Civil Code section 2923.5, (7) violation of California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq.; and (8) unjust enrichment. Plaintiffs pray for, inter alia, an injunction against foreclosure activity on the Property, a finding that Plaintiffs are the rightful holders of title to the Property, general and consequential damages, and attorney's fees.

3

**III. LEGAL STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

The gravamen of all eight of Plaintiffs' claims is that Defendants do not have a beneficial interest in Plaintiffs' mortgage either because (1) the securitization of the mortgage failed, or (2) Plaintiffs' mortgage was not transferred as part of the P&A Agreement because it was securitized and sold before the agreement took effect. Both of these theories are unavailing. Accordingly, the Court finds all of Plaintiffs' claims implausible.

With respect to the first theory, Plaintiffs lack standing to challenge the securitization process because they were not parties to the agreement that securitized the note. See Junger v. Bank of

4

Am., N.A., CV 11-10419 CAS VBKX, 2012 WL 603262, at *3 (C.D. Cal. Feb. 24, 2012).  In any event, it is entirely unclear from the pleadings why the alleged securitization failed.  Plaintiffs plead that the sale of the loan to the MBS trust was made "without the required intervening assignment of Plaintiffs' Deed of Trust and endorsement of the Note," Compl. ¶ 12, but has yet to point to any authority which would impose such a requirement.  The Complaint makes reference to Section 860 of the Internal Revenue Code, id. ¶ 9, which pertains to "deduction[s] for deficiency dividends."  It is unclear why this tax statute has any application here, and to the extent that it does, it is unclear how it could disrupt the chain of title to Plaintiffs' DOT and note or JPMorgan's right to service the loan.

    Plaintiffs' second theory -- that Defendants lost all interest in the loan when it was sold to the MBS trust -- is also unpersuasive.  This Court has held that a plaintiff may state a claim for wrongful foreclosure based on allegations that sale of the DOT precluded Defendants from retaining a beneficial interest in that DOT.  See Subramani v. Wells Fargo Bank N.A., C 13-1605 SC, 2013 WL 5913789, at *4 (N.D. Cal. Oct. 31, 2013).  However, Plaintiffs have not alleged that WaMu ever transferred the DOT to a third party (though Plaintiffs have alleged that WaMu's assets were conveyed to JPMorgan as part of the P&A Agreement).  Rather, Plaintiffs merely allege that the promissory note was transferred to a MBS trust.  "There is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose.  Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate

5

non-judicial foreclosure." Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010). As the pleadings and judicially noticeable documents suggest that WaMu retained a beneficial interest in the DOT after the alleged securitization of the note and that this interest was transferred to JPMorgan as part of the P&A Agreement, the Court finds implausible Plaintiffs' conclusory allegations that Defendants lack sufficient interest to commence foreclosure proceedings.

Accordingly, Plaintiffs' Complaint is DISMISSED with leave to amend. The amended pleading shall set forth specific and plausible allegations explaining why Defendants lack sufficient interest to foreclose on the Property.

**V.   CONCLUSION**

For the foregoing reasons, Defendants JPMorgan Chase Bank, N.A and Wells Fargo Bank, N.A.'s Motion to Dismiss is GRANTED. Plaintiffs Deborah Burke and Sean Burke's Complaint is DISMISSED with leave to amend. Plaintiffs shall file their amended pleading within thirty (30) days of the signature date of this Order. Failure to do so may result in dismissal of this action with prejudice.

IT IS SO ORDERED.

January 14, 2014

_____
UNITED STATES DISTRICT JUDGE