**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEBORAH BURKE and SEAN K. BURKE,

        Plaintiffs,

    v.

JPMORGAN CHASE BANK, N.A; WELLS FARGO BANK, N.A. AS TRUSTEE FOR JPMORGAN MORTGAGE TRUST 2008-R2 MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2008-R2,

        Defendants.

Case No. 13-4249 SC

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

## I.  INTRODUCTION

Plaintiffs Deborah Burke and Sean Burke (collectively, "Plaintiffs") bring this action in connection with the threatened foreclosure of their home in Livermore, California ("the Property").  On January 14, 2014, the Court granted Defendants' motion to dismiss and gave Plaintiffs the opportunity to amend their complaint to "set forth specific and plausible allegations explaining why Defendants lack sufficient interest to foreclose on the Property."  ECF No. 25 ("MTD Order") at 6.  Defendants JPMorgan Chase Bank, N.A. ("JPMorgan") and Wells Fargo Bank, N.A. ("Wells

Fargo") now move to dismiss Plaintiffs' first amended complaint ("FAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  ECF No. 43 ("Mot.").  The motion is fully briefed, ECF Nos. 47 ("Opp'n"), 51 ("Reply"), and appropriate for determination without oral argument pursuant to Civil Local Rule 7-1(b).  Accordingly, the motion hearing set for May 15, 2015 is hereby VACATED.  For the reasons set for below, the Motion is GRANTED in part and DENIED in part.

**II.   BACKGROUND**

On August 7, 2007, Plaintiffs refinanced their existing mortgage on the Property, obtaining a $1,256,250 loan (the "Loan").  ECF No. 29 ("FAC") ¶ 5, Ex. A.  The deed of trust securing the mortgage identifies Washington Mutual Bank, FA ("WaMu") as the lender.  Id. Ex. A ("DOT").  Plaintiffs allege that on or before August 22, 2008, their mortgage loan was contributed to a mortgage backed security ("MBS") identified as JPMorgan Mortgage Trust 2008 R-2 Pass-through Certificates Series 2008-R2 ("JPMMT 2008-R2"), of which Wells Fargo is the trustee.  Id. ¶ 12.  Plaintiffs allege that WaMu sold their mortgage loan temporarily to the depositor of the JPMMT 2008-R2, but that the sale failed to assign the DOT.  Id. ¶ 16.  As Plaintiffs, put it, "[t]his was the first sale of the Plaintiff's mortgage loan, but without effectively assigning the [DOT] and indorsing the underlying original Promissory Note to the interim loan purchaser . . . ."  Id.  Next, JP Morgan Acceptance Corporation "sold and securitized the pooled mortgages (including Plaintiffs' mortgage loan) into the JPMMT 2008-R2 Trust" on or before the trust's "closing date" on August 22, 2008.  Id.

**United States District Court**
For the Northern District of California

1   Plaintiffs allege that this sale, too, failed to properly assign
2   the DOT or original note.   Id.

3   　　　On September 25, 2008, WaMu was closed by the Office of Thrift
4   Supervision, and the Federal Deposit Insurance Corporation ("FDIC")
5   was named Receiver.   On September 25, 2008, JPMorgan acquired
6   certain assets and liabilities of WaMu through an asset purchase
7   agreement with the FDIC.   ECF No. 17 ("RJN I") Ex. 2.   Though
8   Plaintiffs now allege that JPMorgan does not have any legal or
9   equitable interests in their loan, they applied for a loan
10  modification with JPMorgan sometime in 2010.   FAC ¶ 21.   JPMorgan
11  rejected the application in May 2010, stating that Plaintiffs'
12  income was insufficient.   Id.   Plaintiffs then reapplied for a loan
13  modification.   That application was also rejected, this time on the
14  ground that Plaintiffs had the ability to pay their existing
15  mortgage using cash reserves or other assets.   Id. ¶ 22.

16  　　　On October 28, 2010, a notice of default and election to sell
17  ("NOD") was recorded with Alameda County, stating that Plaintiffs
18  were $28,024.95 in arrears.   Id. ¶ 24, Ex. E.

19  　　　Plaintiffs allege that the NOD's statement that Plaintiffs
20  could contact JPMorgan about the foreclosure proceedings was false
21  because JPMorgan had no right to collect mortgage payments, and
22  that there is no evidence that JPMorgan is a valid loan servicer or
23  beneficiary of Plaintiffs' mortgage.   Id. ¶ 24.   Plaintiffs reason
24  that because their loan was sold to the MBS trust before JPMorgan
25  acquired the assets of WaMu, JPMorgan did not succeed to the
26  servicing rights of WaMu.   Id.   The NOD contained a statement
27  certifying that JPMorgan had complied with California law by
28  contacting the borrower to discuss the borrower's financial

**United States District Court**
For the Northern District of California

1  situation and to explore options for the borrower to avoid

2  foreclosure.  Id. Ex. E.  Plaintiffs allege that they were never

3  contacted by a "valid mortgagee" because Defendants JPMorgan and

4  Wells Fargo were not mortgagees or authorized agents.

5      In April 2011 and April 2012, notices of trustee sales were

6  recorded with Alameda County.  Id. ¶¶ 28, 30.  The first notice of

7  trustee's sale indicates that the unpaid balance on the loan was

8  $1,395,095.88.  Id. Ex. F.  Plaintiffs allege that these

9  instruments, like the NOD, are null and void.  Id. ¶ 28-31.  It is

10 unclear from the pleadings whether the foreclosure sale has yet

11 taken place.

12

13 **III.  LEGAL STANDARD**

14     **A.   Motion to Dismiss**

15     A motion to dismiss under Federal Rule of Civil Procedure

16 12(b)(6) "tests the legal sufficiency of a claim." Navarro v.

17 Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

18 on the lack of a cognizable legal theory or the absence of

19 sufficient facts alleged under a cognizable legal theory."

20 Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

21 1988).  "When there are well-pleaded factual allegations, a court

22 should assume their veracity and then determine whether they

23 plausibly give rise to an entitlement to relief." Ashcroft v.

24 Iqbal, 556 U.S. 662, 679 (2009).  However, "the tenet that a court

25 must accept as true all of the allegations contained in a complaint

26 is inapplicable to legal conclusions.  Threadbare recitals of the

27 elements of a cause of action, supported by mere conclusory

28 statements, do not suffice." Id. (citing Bell Atl. Corp. v.

1  <u>Twombly</u>, 550 U.S. 544, 555 (2007)).

2       **B.   Rule 9(b)**

3       Claims sounding in fraud are subject to the heightened

4  pleading requirements of Federal Rule of Civil Procedure 9(b),

5  which requires that a plaintiff alleging fraud "must state with

6  particularity the circumstances constituting fraud." <u>See</u> <u>Kearns v.</u>

7  <u>Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009). "To satisfy

8  Rule 9(b), a pleading must identify the who, what, when, where, and

9  how of the misconduct charged, as well as what is false or

10  misleading about [the purportedly fraudulent] statement, and why it

11  is false." <u>United States ex rel. Cafasso v. Gen. Dynamics C4 Sys.,</u>

12  <u>Inc.</u>, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks

13  and citations omitted).

14

15  **IV.   DISCUSSION**

16       The gravamen of all seven of Plaintiffs' claims is that

17  Defendants do not have a beneficial interest in Plaintiffs'

18  mortgage either because (1) the securitization of the mortgage

19  failed, or (2) Plaintiffs' mortgage was not transferred as part

20  JPMorgan's purchase of WaMu's assets because the mortgage was

21  securitized and sold before the agreement took effect.

22       The Court already rejected Plaintiffs' first theory as legally

23  unsound. As the Court explained, "Plaintiffs lack standing to

24  challenge the securitization process because they were not parties

25  to the agreement that securitized the note." <u>See</u> MTD Order at 4.

26  Plaintiffs have pleaded those claims again, despite the Court's

27  clear holding that they fail as a matter of law. See FAC ¶ 33;

28  Opp'n at 7-10. To the extent that any of Plaintiffs' claims are

*United States District Court*
For the Northern District of California

5

**United States District Court**
For the Northern District of California

premised on the failed securitization of their mortgage alone, those claims are DISMISSED with prejudice.

The Court previously rejected Plaintiffs' second theory because it found that the original complaint did not plausibly allege WaMu had transferred its interest in the DOT when it sold the loan. This Court has held that a plaintiff may state a claim for wrongful foreclosure based on allegations that sale of the DOT precluded Defendants from retaining a beneficial interest in that DOT. See Subramani v. Wells Fargo Bank N.A., C 13-1605 SC, 2013 WL 5913789, at *4 (N.D. Cal. Oct. 31, 2013). Though Plaintiffs' FAC is verbose, unclear, and at times appears internally inconsistent, Plaintiffs now allege, at the very least, that:

> WAMU irrevocably sold all right, title and interest in Plaintiffs' mortgage loan, for value received, to the JPMorgan Mortgage Trust 2008-R2 Mortgage Pass-through Certificates Series 2008-R2 ("JPMMT 2008-R2"), a private label mortgage-backed securities trust with a Real Estate Mortgage Investment Conduit election and continuing qualification.

FAC ¶ 12. Plaintiffs provide significant detail regarding the process through which WaMu allegedly sold their loan. See id. ¶¶ 12-19.

It is true that "[t]here is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose. Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure." Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010). However, Plaintiffs now sufficiently allege that WaMu not only had no beneficial interest in the Loan, but that it was no longer the

**United States District Court**
For the Northern District of California

1   mortgagee when JPMorgan purchased its assets.  Because Plaintiffs

2   now allege that WaMu sold its entire interest in the Loan, the

3   facts render plausible the possibility that Defendants lack

4   standing to foreclose on the mortgage.  See, e.g., Subramani, 2013

5   WL 5913789, at *4; Javaheri v. JPMorgan Chase Bank, N.A., No. CV10-

6   08185 ODW FFMX, 2011 WL 2173786, at *5 (C.D. Cal. June 2, 2011)

7   ("the abovementioned [similar] facts regarding the transfer of

8   Plaintiff's Note prior to JPMorgan's acquisition of WaMu's assets

9   raise Plaintiff's right to relief above a speculative level").  The

10  Court proceeds to discuss the effect of this finding on each of

11  Plaintiffs' claims in turn.

12        **A.   Wrongful Foreclosure**

13        Defendants argue that Plaintiffs' first cause of action must

14  be dismissed because Plaintiffs do not allege any irregularity or

15  illegality in the foreclosure process.  As discussed above,

16  however, the Court finds that Plaintiffs now sufficiently allege

17  that WaMu ceded any interest upon which it might foreclose when it

18  sold the Loan in 2008.  To the extent that Plaintiffs allege

19  wrongful foreclosure because Defendants were not the "trustee,

20  mortgagee or beneficiary or any of their authorized agents,"

21  Plaintiffs state a claim and Defendants' motion is DENIED.  See

22  Cal. Civ. Code § 2924(a)(1).

23        **B.   Quiet Title**

24        Defendants argue that Plaintiffs' claim for wrongful

25  foreclosure must be dismissed because "the allegations concerning

26  the 'holder of the note' have been invalidated."  Mot at 5.

27  Because the Court finds that Plaintiffs have sufficiently alleged

28  that Defendants are not the holders of the note, this argument

fails.  The motion is DENIED as to Plaintiffs' second claim, to the
extent that claim is premised on the allegations that Defendants do
not have any interest in the note as a result of WaMu's sale of the
Loan.

**C.   <u>Slander of Title</u>**

"The elements of a cause of action for slander of title are
(1) a publication, (2) which is <u>without privilege</u> or justification,
(3) which is false, and (4) which causes direct and immediate
pecuniary loss."  <u>Alpha & Omega Dev., LP v. Whillock Contracting,</u>
<u>Inc.</u>, 200 Cal. App. 4th 656, 664 (Cal. Ct. App. 2011) (internal
quotation marks omitted) (emphasis in original).  California Civil
Code Section 47 sets out the general definition of a privileged
publication, which includes a publication made "[i]n any (1)
legislative proceeding, (2) judicial proceeding, (3) in any other
official proceeding authorized by law, or (4) in the initiation or
course of any other proceeding authorized by law and reviewable
pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of
Part 3 of the Code of Civil Procedure . . . ."  Cal. Civ. Code §
47(b).  Section 47 also protects statements made "[i]n a
communication, without malice, to a person interested therein, (1)
by one who is also interested . . . ."

Plaintiffs allege that Defendants slandered their title in
several documents, including letters regarding the loan
modification.  FAC ¶ 47.  As Defendants point out -- and Plaintiffs
do not contest -- statements regarding the loan modification do not
slander Plaintiffs' title.  <u>See</u> Mot. at 6, Opp'n at 12-13.
Plaintiffs also allege that Defendants slandered their title
through the foreclosure documents.  FAC ¶ 47.  Under California

**United States District Court**
For the Northern District of California

1  law, "the filing of a notice of default is privileged, except when
2  published with malice." <u>Barrionuevo v. Chase Bank, N.A.</u>, No. C-12-
3  0572 EMC, 2013 WL 4103606, at *5 (N.D. Cal. Aug. 12, 2013).  Malice
4  requires that the publication was motivated by hatred or ill will
5  or that defendants lacked reasonable grounds for belief in truth of
6  publication and therefore acted with reckless disregard for
7  plaintiff's rights." <u>Id.</u> (internal quotation marks omitted).

8       Plaintiffs allege that the statements in the foreclosure
9  documents "were made with malicious intent." FAC ¶ 48.  That
10 statement alone is a conclusory assertion not entitled to an
11 assumption of truth.  Plaintiffs briefly make more specific
12 allegations that Defendants knew the statements in the foreclosure
13 documents to be false.  <u>See id.</u> ¶¶ 25 (the statements were
14 "knowingly false"), 29 ("CHASE and WELLS FARGO knew that they are
15 not valid beneficiaries or servicers").[1]  However, Plaintiffs'
16 allegations make clear that WaMu attempted to sell, and Defendants
17 attempted to buy, a large portion of WaMu's assets, which purported
18 to include Plaintiffs' mortgage.  <u>Id.</u> at p.2.  There are no
19 allegations that Defendants did not act in good faith in purchasing
20 WaMu's assets, and there are no facts explaining why JPMorgan

---

[1] Plaintiffs also allege that Washington Mutual Bank, FA changed
its name to Washington Mutual Bank in April of 2005.  <u>See id.</u>
Plaintiffs apparently assert that WaMu therefore ceased to exist as
a legal entity and that JPMorgan knew it could not buy any assets
(including Plaintiffs' loan) from WaMu.  Plaintiffs in foreclosure
cases like this one have repeatedly advanced that theory, and
courts have repeatedly rejected it.  <u>See, e.g.</u>, <u>Lanini v. JPMorgan
Chase Bank</u>, No. 2:13-CV-00027 KJM, 2014 WL 1347365, at *3 (E.D.
Cal. Apr. 4, 2014) ("Plaintiffs have cited nothing to support their
claim that the bank's change of name means the bank itself ceased
to exist.").  The Court agrees with the numerous other judges who
have rejected this theory and holds that Plaintiffs' claims
regarding JPMorgan's chain of title to the mortgage and Defendants'
knowledge of their lack of interest in the Loan may not be premised
on WaMu's name change in 2005.

should have known that WaMu lacked an interest in Plaintiffs' loan. The Court therefore finds implausible Plaintiffs' bare assertions that Defendants knew that the statements in the foreclosure documents were false.  The Court cannot find that Plaintiffs' allegations render plausible the possibility that Defendants lacked reasonable grounds for belief in the truth of the statements included in the foreclosure documents.  Therefore, Defendants' statements in those documents were privileged as a matter of law, and Plaintiffs' claim fails.  Defendants' motion is GRANTED as to Plaintiffs' slander of title claim, and the claim is DISMISSED with leave to amend.

### D. **Fraud**

"The elements which must be pleaded to plead a fraud claim are (a) misrepresentation (false representation, concealment or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." <u>Philipson & Simon v. Gulsvig</u>, 154 Cal. App. 4th 347, 363 (Cal. Ct. App. 2007).  Fraud claims are governed by the stricter pleading standards of Federal Rule of Civil Procedure 9(b).

Plaintiffs allege that the notice of default and election to sell under deed of trust contained false statements.  Plaintiffs claim those statements are false because Defendants knew that they were not valid beneficiaries of Plaintiffs' loan or owners of Plaintiffs' debt.  For the reasons discussed above, Plaintiffs' FAC does not contain sufficient factual allegations to plausibly establish that Defendants had knowledge of WaMu's alleged sale of the mortgage.  Instead, Plaintiffs provide only bare assertions

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

that Defendants had knowledge of the sale.  Plaintiffs do not explain when or how Defendants obtained that knowledge, nor do they explain why Defendants should have known that WaMu's attempt to sell Plaintiffs' debt to JPMorgan was null and void.  Thus Plaintiffs have failed to plead scienter with the requisite particularity.  Defendants' motion is GRANTED as to Plaintiffs' fraud claim, and the claim is DISMISSED with leave to amend.

### E.   Cancellation of Instruments

Defendants' argument that Plaintiffs' cancellation of instruments claim should be dismissed is again premised on the assumption that Plaintiffs fail to allege WaMu's sale of the loan. See Opp'n at 8-9.  Because the Court finds that Plaintiffs now adequately allege that their loan was sold, this argument fails. Defendants' motion is DENIED as to the cancellation of instruments claim.

### F.   Violation of Section 2923.5

California Civil Code Section 2923.5 requires that a "mortgage servicer shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure" before recording a notice of default.  Cal. Civ. Code § 2923.5(a)(2).  Plaintiffs allege that, because no defendant was a legitimate mortgagee, beneficiary, trustee, or authorized agent, Plaintiffs were never contacted by a legitimate mortgage servicer.  FAC ¶¶ 68-71.

Defendants first argue that Plaintiffs' claim fails because JPMorgan was the mortgagee and Wells Fargo was its authorized agent.  That argument is insufficient because Plaintiffs have

11

1   pleaded that WaMu sold all of its interest in the loan before

2   JPMorgan purchased WaMu's assets.

3       Next, Defendants argue that Plaintiffs are required to allege

4   that they are willing and able to tender the amount due on the

5   Loan.  Defendants argue that Plaintiffs' claim fails because the

6   FAC does not allege tender.  According to Defendants, "[w]ithout an

7   allegation of such tender in the complaint that attacks the

8   validity of the sale, the complaint does not state a cause of

9   action."[2]  Opp'n at 8.  The California Court of Appeal has

10  explained why the tender requirement does not apply to Section

11  2923.5 claims: "the whole point of section 2923.5 is to create a

12  new, even if limited, right to be contacted about the possibility

13  of alternatives to full payment of arrearages.  It would be

14  contradictory to thwart the very operation of the statute if

15  enforcement were predicated on full tender."  Mabry v. Superior

16  Court, 185 Cal. App. 4th 208, 225 (2010).  Moreover, "if the

17  borrower's action attacks the validity of the underlying debt, a

18  tender is not required since it would constitute an affirmation of

19  the debt."  Lona v. Citibank, N.A., 202 Cal. App. 4th 89, 112 (Cal.

20  Ct. App. 2011).  Thus the tender rule does not apply here, because

21  Plaintiffs' claims allege that Defendants do not own any of

22  Plaintiffs' debt.  Additionally, "several courts have refused to

23  apply the tender requirement where plaintiff alleges that the

24  defendant lacks authority to foreclose on the property and, thus,

25  that any foreclosure sale would be void rather than merely

26

27  [2] It is unclear why Defendants make this argument only in
    opposition to Plaintiffs' Section 2923.5 claim and not all of
28  Plaintiffs' claims.  Regardless, some of the Court's reasons for
    rejecting Defendants' argument apply to all of Plaintiffs' claims.

1  voidable." <u>Rockridge Trust v. Wells Fargo, N.A.</u>, 985 F. Supp. 2d

2  1110, 1147 (N.D. Cal. 2013) (collecting cases).  Defendants' motion

3  to dismiss Plaintiffs' Section 2923.5 claim is DENIED.

4      **G.   <u>Unfair Competition</u>**

5      California's Unfair Competition Law ("UCL") prohibits unfair

6  competition, which is defined as "any unlawful, unfair or

7  fraudulent business act or practice."  Cal. Bus. & Prof. Code §

8  17200.  Each one of these prongs is a different cause of action.

9  <u>Cel-Tech Comm'cns, Inc. v. L.A. Cellular Tel. Co.</u>, 20 Cal. 4th 163,

10  180.  Plaintiffs bring claim under the "fraudulent" prong of the

11  UCL.  <u>See</u> FAC ¶¶ 74-75.  The Rule 9(b) heightened pleading

12  requirements apply to claims under the UCL's fraudulent prong.  <u>See</u>

13  <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1125 (9th Cir. 2009).

14      As described above, the Court finds that Plaintiffs have

15  failed to plead fraud with the specificity required by Rule 9(b).

16  Consequently, Plaintiffs fail to state a UCL claim as well.

17  Defendants' motion is GRANTED as to Plaintiffs' UCL claim, and this

18  claim is DISMISSED with leave to amend.

19      **H.   <u>Unjust Enrichment</u>**

20      Defendants' arguments in favor of dismissal of the unjust

21  enrichment claim are again premised on the Court's rejection of

22  Plaintiffs' allegations that WaMu sold the Loan.  Defendants'

23  motion is DENIED as to Plaintiffs' unjust enrichment claim.

24      **I.   <u>Breach of Contract, Equal Opportunity Act, and Fair</u>**

25  **<u>Credit Reporting Act</u>**

26      Plaintiffs' breach of contract, equal opportunity act, and

27  fair credit reporting act claims were not brought in the original

28  complaint.  The Court granted Plaintiffs leave to amend their

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   complaint only to add facts alleging that Defendants' lack

2   sufficient interest to foreclose on the Property, not to add

3   additional claims.  Accordingly, Plaintiffs' breach of contract and

4   equal opportunity act claims are dismissed without prejudice.

5   Plaintiffs may make a proper motion for leave to amend if they wish

6   to add new claims.  Plaintiffs have agreed to withdraw their Fair

7   Credit Reporting Act claim.  See Opp'n at 19.  That claim is

8   therefore DISMISSED with prejudice.

9

10  **V.    CONCLUSION**

11      For the foregoing reasons, Defendants JPMorgan Chase Bank, N.A

12  and Wells Fargo Bank, N.A.'s Motion to Dismiss is GRANTED in part

13  and DENIED in part.  All of Plaintiffs' claims are DISMISSED with

14  prejudice to the extent they are premised on deficiencies in the

15  securitization process.  Plaintiffs' claim for violation of the

16  Fair Credit Reporting Act is DISMISSED with prejudice.  Plaintiffs'

17  claims for breach of contract and violation of the Equal Credit

18  Opportunity Act are DISMISSED without prejudice.  Plaintiffs'

19  claims for wrongful foreclosure, quiet title, cancelation of

20  instruments, violation of Section 2923.5, and unjust enrichment

21  survive to the extent that they are premised on the theory that

22  WaMu sold its entire interest in the Loan in 2008.

23      Plaintiffs' claims for slander of title, fraud, and unfair

24  competition are DISMISSED with leave to amend.  Plaintiffs may

25  amend those claims to add allegations sufficient to allege fraud

26  under the standards set out by Federal Rule of Civil Procedure

27  9(b).  If plaintiffs choose to amend their complaint to add such

28  allegations, they must do so within thirty (30) days of the

signature date of this Order.  Failure to amend within thirty days may result in dismissal of those claims with prejudice.

IT IS SO ORDERED.

May 11, 2015



UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California