IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEBORAH L. BURKE and SEAN K. BURKE,

    Plaintiffs,

  v.

JPMORGAN CHASE BANK, N.A., WELLS FARGO BANK, N.A., as for JPMORGAN MORTGAGE TRUST 2008-R2 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2008-R2,

    Defendants.

No. C 13-04249 WHA

**ORDER GRANTING SUMMARY JUDGMENT**

**INTRODUCTION**

In this foreclosure dispute, defendants move for summary judgment. For the reasons stated herein, the motion for summary judgment is **GRANTED**.

**STATEMENT**

The undisputed facts are as follows. On August 7, 2007, plaintiffs Deborah L. Burke and Sean K. Burke obtained a home loan in the amount of $1,256,250.00 from Washington Mutual Bank (WaMu) (Childress Decl. ¶ 5). The deed of trust that secured the loan identified WaMu as the beneficiary, California Reconveyance (CRC) as the trustee, and plaintiffs as the borrowers (Request for Judicial Notice (RJN), Exh. 1). Plaintiffs then received a modification from WaMu that became effective on September 1, 2008 (Childress Decl., ¶ 7, Exh. D).

On September 25, 2008, WaMu was closed by the Office of Thrift Supervision and the Federal Deposit Insurance Corporation was named receiver (*id.* ¶ 4, Exh. A). That same day, defendant JPMorgan Chase Bank, N.A. executed a Purchase & Assumption Agreement with the FDIC, pursuant to which Chase agreed to purchase certain WaMu assets (*ibid.*).

Thereafter, plaintiffs began making payments to Chase and submitted multiple modification applications, which were denied by Chase (Childress Decl. ¶¶ 11–15). Plaintiffs thereafter fell behind on their payments and, on October 28, 2010, a notice of default (NOD) was recorded in Alameda County (RJN, Exh. 3). According to the NOD, the past due payments totaled $28,024.95. Plaintiffs again applied for a modification with Chase but the application was denied (Childress Decl. ¶ 17).

On April 18, 2011, a notice of trustee's sale was recorded in Alameda County (RJN, Exh. 4). The sale was scheduled for May 11, 2011 (*ibid.*), but was later postponed (Childress Decl. ¶ 18). Plaintiffs again reapplied for a modification but were denied (*id.* at 19). On April 18, 2012, a second notice of trustee's sale was recorded in Alameda County (RJN, Exh. 5). The sale was scheduled for May 15, 2015 (*ibid.*), but was later postponed (Childress Decl. ¶ 20). Plaintiffs again applied for a modification but were denied (*id.* at 21).

In 2015, an assignment of the deed of trust was recorded, which "memorialize[d] the transfer that occurred by operation of law on September 25, 2008" of the mortgage from the FDIC as receiver of WaMu to Chase (RJN, Exh. 6).

To date, no trustee's sale has occurred (Childress Decl. ¶ 23). Plaintiffs continue to reside at the property but are not making any monthly payments (Gerlt-Ferraro Decl. ¶ 5, Exh. P; *id.* ¶ 8, Exh. S). Plaintiffs continue to be in default and the mortgage has an unpaid balance of $1,303,620.08 with a total payoff amount of $1,823,963.50 (Childress Decl. ¶ 24).

Defendants submit a declaration from a Chase employee stating that Chase possesses the original note, as well as the deed of trust, and that no sale or securitization of the mortgage occurred prior to Chase's purchase of WaMu's assets in September of 2008 (Childress Decl. ¶ 9–10).

2

On September 13, 2013, plaintiffs filed a complaint seeking damages and an "order forever enjoining" defendants from foreclosing on the property (among other remedies). The crux of the complaint is that defendants lack a beneficial interest in plaintiffs' mortgage and therefore lack standing to foreclose on the loan.

The original complaint asserted multiple theories for why defendants lacked a beneficial interest in plaintiffs' mortgage. Judge Samuel Conti rejected all theories except for one: plaintiffs were allowed to proceed with the theory that defendants lacked a beneficial interest in the loan because the mortgage was securitized prior to Chase's purchase of WaMu's assets.[1] Judge Conti allowed five claims to proceed under this theory: (1) wrongful foreclosure; (2) quiet title; (3) cancellation of instruments; (4) violation of California Civil Code section 2923.5; and (5) unjust enrichment.[2]

Defendants now move for summary judgment as to all remaining claims. This order follows full briefing and oral argument.

**ANALYSIS**

**1.     MOTION FOR SUMMARY JUDGMENT**

Under Rule 56, summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." A fact is material if it might affect the outcome of the suit under governing law, and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

---

[1] Judge Conti rejected two other theories asserted by plaintiffs for why Chase lacks a beneficial interest in the loan: (1) because WaMu had changed its name in April of 2005 (Dkt. No. 52 at 9, n.1); and (2) because the loan had been securitized prior to Chase's purchase of WaMu's assets in September 2008 (Dkt. No. 52 at 5). In an attempt to resurrect the latter theory, plaintiffs now cite to a recent California Supreme Court decision, *Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919 (2016). However, the California Supreme Court explicitly stated that the holding in *Yvanova* did not apply to pre-foreclosure proceedings such as the instant matter. "We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed." *Id.* at 924. Moreover, for the reasons discussed herein, Chase has demonstrated that it purchased the mortgage from WaMu in September 2008; therefore, it could not have been securitized prior to that date.

[2] Judge Conti allowed plaintiffs to amend certain other claims but plaintiffs never amended these claims (*see* Dkt. No. 57).

3

A party moving for summary judgment who does not have the ultimate burden of persuasion at trial has the initial burden of producing evidence negating an essential element of the nonmoving party's claims *or* showing that the nonmoving party does not have enough evidence of an essential element to carry its burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. V. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The burden then shifts to the nonmoving party to "go beyond the pleadings, and by his own affidavits, or by the 'depositions, answers to interrogatories, or admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

All of plaintiffs' claims rest on the theory that Chase lacks a beneficial interest in the mortgage such that it lacks standing to foreclose on it. This order concludes that summary judgment in favor of defendants is appropriate here because no material dispute exists as to whether Chase holds a beneficial interest in the mortgage. Chase owns the mortgage; plaintiff submits nothing to suggest otherwise.

Defendants submit evidence that demonstrates Chase owns the loan. Chase possesses the original note as well as the deed of trust (Childress Decl. ¶ 9–10). A Chase employee who has reviewed the entire record of the mortgage states in a declaration that no sale or securitization of the mortgage occurred prior to Chase's purchase of WaMu's assets in September of 2008 (Childress Decl. ¶ 10). Moreover, an assignment of deed was recorded in 2015, which "memorialize[d] the transfer that occurred by operation of law on September 25, 2008" of the mortgage from the FDIC as WaMu's receiver to Chase (RJN, Exh. 6).

The only evidence that plaintiffs cite in their opposition brief are blurry screenshots appended to the amended complaint. The screenshots refer to a mortgage-backed security but make *no* identifiable reference to plaintiffs' loan. Plaintiffs make no effort to explain how the screenshots show plaintiffs' loan was securitized. This order holds that no reasonable trier of fact could conclude based on these screenshots that the loan was securitized prior to Chase's purchase of WaMu's assets in September 2008.

4

All of plaintiffs' claims rise and fall on the theory that defendants do not own the loan. Because Chase demonstrates that it owns the mortgage, all of plaintiffs' claims fail. Defendants' motion for summary judgment as to all claims is therefore **GRANTED**.

**2.    JUDICIAL NOTICE.**

Under Federal Rule of Evidence 201, a court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from the sources whose accuracy cannot reasonably be questioned. Here, defendants request judicial notice of various public records, including plaintiffs' deed of trust. The request for judicial notice of Exhibits 1, 3, 4, 5, and 6 is **GRANTED**. Because the other documents are not necessary to this decision, the request for judicial notice of the other documents is **DENIED**.

## CONCLUSION

For the reasons stated herein, the motion for summary judgment is **GRANTED**. Judgment will follow.

**IT IS SO ORDERED.**

Dated: September 15, 2016.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5